FILED IN
COURT OF CRIMINAL APPEALS

February 2, 2015

ABEL ACOSTA, CLERK

AP-77,054
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 1/30/2015 4:58:14 PM
Accepted 2/2/2015 8:38:42 AM
ABEL ACOSTA
CLERK

No. AP-77,054

IN THE

# Court of Criminal Appeals of Texas

RODNEY REED,
*Appellant,*

v.

THE STATE OF TEXAS
*Appellee.*

On Appeal from the 21st Judicial District Court, Bastrop County, Texas

## APPELLANT RODNEY REED'S OPPOSITION TO STATE'S MOTION FOR ACCELERATED APPEAL

BRYCE BENJET
THE INNOCENCE PROJECT
40 Worth St.
New York, New York 10013
(212) 364-5340
(212) 364-5341 (fax)

Andrew F. MacRae
State Bar No. 00784510
LEVATINO|PACE LLP
1101 S. Capital of Texas Highway
Building K, Suite 125
Austin, Texas 78746
(512) 637-8565
(512) 637-1583 (fax)

*Attorneys For Appellant Rodney Reed*

**TO THE HONORABLE JUDGES OF THE TEXAS COURT OF CRIMINAL APPEALS:**

## PRELIMINARY STATEMENT

This is an appeal from the denial of DNA testing in a capital murder case. Three days ago, after the close of business, appellee The State of Texas served on the undersigned counsel a Motion seeking to accelerate this appeal pursuant to Rule of Appellate Procedure 38.6(d). The State's Motion avers that the State belatedly realized that its own briefing deadline in this matter will extend beyond March 5, 2015, the date the State recently chose for appellant Rodney Reed's execution. Instead of modifying or withdrawing its chosen execution date to accommodate the time it would like to file a brief, the State asks the Court to shorten Mr. Reed's briefing period.

Mr. Reed asks the Court to deny the State's Motion. Reducing Mr. Reed's briefing period on short notice is contrary to the interests of justice and would greatly prejudice the undersigned counsel's ability to prepare a complete and thorough brief. The shortening of this deadline will interfere with Mr. Reed's ability prepare other necessary filings, including a clemency application due in early February as well as an application for writ of habeas corpus based on new evidence and newly available legal basis. Moreover, the State's Motion for Accelerated Appeals was filed the day after the State's own disclosure of new and

2

potentially powerful exculpatory witness interviews. Investigation of this new information has been delayed by the need to respond to the State's Motion and will be further hampered if the appellate deadline is shortened.

Accordingly, Mr. Reed asks the Court to deny the State's Motion for the following reasons:

- The State created the timing problem of which it now complains. The State, not Mr. Reed, unilaterally chose the March 5 execution date, but it was obvious at that time that such date would interfere with the appellate briefing schedule in this matter.

- If the State requires additional time to file its brief (and to be clear, it has not asked for any), Mr. Reed will of course consent, as he has repeatedly done in his post-conviction proceedings. However, the obvious and appropriate remedy here is to modify or withdraw the March 5 execution date pursuant to article 43.141(d) of the Code of Criminal Procedure.

- The State's late filing of its Motion for Accelerated Appeal, which was filed 11 days after the Clerk's Record was filed in this matter, materially prejudices Mr. Reed. It forces him to expedite work on his appellate brief in this matter, to attempt to be ready should the State's Motion succeed; it forces him to respond, and thereby detracts from his ability to focus on his appeal brief; and it also interferes with his ability to pursue a state habeas petition and clemency.

- The State's repeated delays in Mr. Reed's post-conviction litigation, including both this matter and Mr. Reed's federal habeas proceedings, strongly suggest that the State's new desire to accelerate the process is neither genuine nor in the interests of justice.

Mr. Reed has consistently maintained his innocence. The identity of the killer was hotly contested at trial - indeed, in prior proceedings, this Court

3

expressly acknowledged that the evidence raised a "healthy suspicion" that the killer was the victim's fiancé, Jimmy Fennell, not Mr. Reed. *Ex Parte Reed,* 271 S.W.3d 698, 747 (Tex. Crim. App. 2008).

Moreover, this appeal raises important and unresolved issues regarding the scope of the post-conviction DNA remedy. *See, e.g., Holberg v. State,* 425 S.W.3d 282, 286 n.24 (Tex. Crim. App. 2014) (acknowledging that recent amendment to statutory definition of "biological material" may lower movant's burden to obtain DNA testing). Mr. Reed respectfully requests that the Court deny the State's Motion for Accelerated Appeal and allow him the full briefing period permitted under the rules.

## ARGUMENT

**A.    The State Is Responsible For Cutting Short Its Own Briefing Deadline.**

The State's request to shorten Mr. Reed's appellate briefing period ignores the fact that the State itself knowingly created the problem it asks this Court to solve. Mr. Reed's execution was originally set for January 14, 2015. CR 149-150. Without explanation, the State requested and obtained a later execution date—the current March 5, 2015 date—during a November 25, 2014 hearing on the merits of Reed's DNA Motion. At this same hearing, the trial judge orally announced his

4

intended ruling for the State and requested proposed findings to be filed by the State no later than December 11, 2014. Simple application of the Appellate Rules would make it obvious that an expected mid-December judgment would cut short the appellate briefing schedule. *See, e.g.,* Tex. R. App. P. 4.1, 38.6, 71.3.

The State does not claim it was surprised by the fact that its own time to file a brief will be shortened by the March 5, 2015 execution date; indeed, the State completely ignores the fact that the current schedule is the one that it sought. It is unjust to reward the State and penalize Mr. Reed for the State's own error in rescheduling Mr. Reed's execution date in a manner that causes inconvenience to itself. *Cf. Woodall v. State,* 336 S.W.3d 634, 644 (Tex. Crim App. 2011) (party cannot take advantage of an error it invited or caused). The interests of justice would be frustrated by depriving Mr. Reed of the minimum time afforded every appellant in presenting his or her case to the Court.

## B. The Appropriate Remedy To Allow The State More Time Is To Modify Or Withdraw The Execution Date.

The State contends that it needs more time to prepare its Brief in this proceeding under Chapter 64 of the Code of Criminal Procedure. If asked, Mr. Reed would have freely consented, as he has done repeatedly —but the State did

not ask.[1] The Legislature considered this problem, and provided that the trial court may modify or withdraw an execution date where additional proceedings are necessary "on a Motion for forensic testing of DNA evidence submitted under Chapter 64." Tex Code Crim. Proc. Art. 43.141(d). If the State needs additional time in these proceedings due to its chosen execution date, the remedy provided by law is to modify or withdraw that date, not to take that time away from Mr. Reed.

**C.     The State's Motion For Accelerated Appeal Is Untimely And Contrary To The Interests Of Justice.**

The exact amount of time the State's deadline would be shortened by its chosen execution date was calculable no later than January 16, 2015, when the Clerk's record was filed in this case. For reasons unknown, the State waited eleven days to file its Motion for Accelerated Appeal. In its Motion, the State asks the Court to shorten Mr. Reed's deadline to February 5 - only nine days after the State filed its Motion. The State provides no cause or explanation of its eleven-day delay in seeking to shorten Mr. Reed's briefing deadline. Although inattention and inadvertence might be justifiable, the State should not benefit where its belated request has surprised and distracted the undersigned counsel by requiring this response and shortening an expected briefing deadline for counsel also burdened

---

[1]     The State has requested extensions of briefing deadlines to accommodate vacations and the demands of his other cases five times in the past two years - extensions totaling in excess of four months. Mr. Reed has agreed to each request.

with filing a clemency application and an application for writ of habeas corpus under article 11.071 in the coming weeks.

Equally troubling is that the State's Motion for Accelerated Appeal was filed the day *after* the State produced new exculpatory information—in the form of two recorded witness interviews—suggesting that a previously undisclosed Giddings Police Department Investigation implicated Mr. Fennell in Stacey Stites's murder. *See* Exhibit 1 (Affidavit of Bryce Benjet) at ¶ 7. The need to respond to the State's Motion for Accelerated Appeal has materially hampered counsel's ability to timely investigate this new information as a potential claim in Reed's soon-to-be-filed habeas application. The late timing of the State's Motion, coupled with its last-minute disclosure of these new exculpatory witness interviews, and the known burdens on Mr. Reed's counsel in pursuing his client's case establishes that the relief sought is contrary to the interests of justice.

### D. The State's Conduct In Mr. Reed's Post-Conviction Litigation Demonstrates A Pattern Of Delay That Undermines The Credibility Of Its Request To Accelerate This Appeal.

The State's request for an accelerated appeal is based on its desire for finality and preservation of the March 5, 2015 execution date at all costs, regardless of whether doing so would unfairly truncate the process afforded to appellants in criminal appeals. While finality is a recognized concern in the

criminal law, the State's conduct does not support its application here or otherwise justify the relief sought.

First, the State has recently requested and obtained multiple extensions to its federal appellate deadlines, demonstrating that it has no genuine desire to expedite Mr. Reed's post-conviction proceedings. Despite the participation of numerous attorneys from the Office of the Attorney General, the Office of the Solicitor General, and the Bastrop County District Attorney's Office in this case, the State has requested and obtained extensions totaling 130 days (over 4 months) just in the last two years.[2] These numerous extensions, coupled with the State's Motion to delay the execution an additional six weeks for unexplained staffing reasons, are flatly inconsistent with the State's desire now to hold fast to its March 5 scheduled date.

Likewise, the time crunch relating to the March 5, 2015 execution date is directly attributable to the State's more recent delay in relation to Mr. Reed's efforts to obtain DNA testing. Mr. Reed sought the State's agreement to DNA testing on January 12, 2014. *See* Exhibit 1 at App. A (Letter to Bryan Goertz requesting agreed DNA testing). The State took *five months* to consider Mr. Reed's request before finally announcing its decision that it would not agree to

---

[2]    Exhibit 2 (docket sheets from 5th Circuit and U.S. Supreme Court proceedings).

8

meaningful DNA testing in the case. The State then postponed the hearing on the merits of Mr. Reed's Testing Motion for an additional six weeks. [3]

Reed originally reached out to the Bastrop County District Attorney's office over one year ago in an effort to obtain agreed DNA testing through a transparent and collaborative process. *Id.* Counsel discussed the matter with the Bastrop County District Attorney, who was receptive to the idea of DNA testing, but referred the matter to the Attorney General's Office. *See id.* ¶ 3. Discussions with the Attorney General's Office proceeded slowly despite the fact that the majority of the evidence at issue was in possession of the Attorney General's Office or had previously been inventoried by the State in February 2014. CR 214 (Items inventoried at Bastrop County Clerk's Office on 2/14/14); 222-224 (inventory of items in Office of Attorney General's Evidence Locker). On April 17, 2014, the undersigned counsel asserted the need to expedite testing in light of the State's request to set an execution date and suggested an interim order to allow for testing of those items that were already accounted for. Exhibit 1 at App. B (Apr. 17, 2014 e-mail). It was not until the end of April, however, that the Attorney General first communicated its position that any agreed DNA testing would be extremely

---

[3] Not surprisingly, none of these lengthy State-created delays are mentioned in the District Court's findings and s findings, which were prepared and submitted *ex parte* by the State and adopted verbatim by the District Court (including typographical errors).

9

limited, and would include only evidence that the Attorney General's Office considered to be "biological material." *See* Exhibit 1¶ 5.

The State then delayed the matter further. First, the assigned Assistant Attorney General insisted that all final decisions on the agreed testing be deferred until his supervisor returned from a lengthy vacation in the middle of May. See Exhibit 1 at App. C. Even after the supervisor returned from vacation, the State's delays continued. The final order on the limited testing was not ultimately approved by the Attorney General and signed by the Court until the July 14, 2014 hearing at which Reed's execution was set initially. CR 148.

Once the Attorney General's Office finally expressed its position in mid-May that it would not agree to meaningful DNA testing, the undersigned counsel prepared a Motion for Post-Conviction DNA Testing. Mr. Reed's Motion was filed upon the entry of the agreed testing order at the July 14, 2014 hearing. CR 74. Belying any suggestion of urgency, the State then took the full 60-day period to file its response, even though the State had already advised that it would oppose all further evidence testing. CR 161.

In early October, the undersigned counsel sent a letter to the trial judge requesting a hearing on the DNA Motion. CR 233. The State objected to a hearing, but asked that if one were scheduled, that it be set *no earlier* than the second week of November, to accommodate a three-week vacation of an attorney

working on the case. Id.; Exhibit 1¶ 6. As would be expected under the Texas Lawyer's Creed, the undersigned counsel agreed to this professional courtesy. Due to a lack of courtroom space, the hearing was scheduled for November 23, 2014.

Counsel did not expect that the State would now seek to capitalize on its own repeated dilatory responses, requests for professional courtesies, vacation accommodations, and other delays to shorten the time allowed for Mr. Reed to file his appellate brief. Mr. Reed should not suffer, and the State should not be rewarded, for such unseemly and inappropriate tactics.

## CONCLUSION

As demonstrated above, the shortened time frame for the State's response is solely due to the State's own conduct. Had the State (1) announced its refusal to agree to DNA testing in a timely manner, (2) expedited its response to Mr. Reed's DNA Motion, (3) not delayed the hearing on Mr. Reed's Chapter 64 State's Motion, or (4) withdrawn or set a later execution date, this appeal would proceed in the normal course without any inconvenience to the State.

The State's late-filed Motion for Accelerated Appeal asks this Court to solve a problem the State created for itself by delaying the resolution of Mr. Reed's request for DNA testing for months and then setting an execution date that the State knew would interfere with the appellate briefing deadlines. Especially in

a capital case where there has been a long-standing and substantial claim of innocence, this Court should not truncate Mr. Reed's time to file his brief. The State's Motion should therefore be denied.

Respectfully submitted,

Bryce Benjet
State Bar No. 24006829
THE INNOCENCE PROJECT
40 Worth St.
New York, New York 10013
(212) 364-5340
(212) 364-5341 (fax)

Andrew F. MacRae
State Bar No. 00784510
LEVATINO|PACE LLP
1101 S. Capital of Texas Highway
Building K, Suite 125
Austin, Texas 78746
(512) 637-8565
(512) 637-1583 (fax)

*Attorneys For Appellant Rodney Reed*

DATED: January 30, 2015

## CERTIFICATE OF SERVICE

On the 30th day of January 2015, a copy of the foregoing State's Motion was served upon the Bastrop County District Attorney by U.S. Mail or hand delivery.

Bryce Benjet

12